IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GEONA THOMPSON | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | CASE NO. 3:23-cv-00081 |
| | § | |
| PRAIRIE GATE COMMUNITY LLC, | § | |
| PG PHASE II, L.P. and | § | |
| AEROFIRMA CORPORATION | § | |
| | § | |
| Defendants | § | |

## DEFENDANTS' ANSWER TO
## PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendants, Prairie Gate Community, LLC, PG Phase II, L.P., and Aerofirma Corporation, file this Answer to Plaintiff's Amended Complaint [Dkt. No. 18] as follows:

1.  With respect to the allegations in paragraphs 1 and 2 Defendants admit the Plaintiff has alleged claims under the various statutes but deny Plaintiff is entitled to any relief.

2.  Defendants do not have knowledge information sufficient to form a belief about the truth of the allegation in the first sentence of paragraph 3. Defendants deny the balance of the allegations in paragraph 3.

3.  Defendants deny the allegations in paragraphs 4 and 5. The Plaintiff alleges federal question jurisdiction but does not have statutory or constitutional standing to file suit under the applicable statutes.

4.  Defendants deny the allegations in paragraphs 6 and 7 because Defendants deny Plaintiff has any claim to assert.

5.  Defendants do not have knowledge information sufficient to form a belief about the truth of the allegation in paragraph 8.

6. Defendants admit the first sentence of paragraphs 9 and 10 and deny the balance of those paragraphs.

7. Defendants admit the allegations in paragraph 11.

8. Defendants admit that the allegations in paragraphs 12 through 15 and 17 through 19 are a summary of certain provisions of the Fair Housing Act, but deny they are a complete or accurate summary of the applicable provisions.

9. Defendants deny the allegations in paragraph 16.

10. Defendants deny the allegations in paragraph 20 of the Amended Complaint except the allegation there are no elevators. The Prairie Gate Community Apartments consists of two independently owned apartment complexes under common management.

11. Defendants admit the allegation in paragraph 21 to the extent the two apartment complexes were designed and constructed for first occupancy after March 13, 1991.

12. Defendants admit the allegation in paragraph 22 that the two apartment complexes include "covered multifamily dwellings."

13. Defendants admit the allegation in paragraph 21 that individual apartments located on the ground floor and otherwise falling with the definition of "covered multifamily dwelling" are subject to 42 U.S.C. §3604(f)(3)(C).

14. Defendants do not have knowledge information sufficient to form a belief about the truth of the first sentence in paragraph 24. Defendants deny the remaining allegations in paragraph 24.

15. Defendants deny the allegations in paragraphs 25 through 37 of the Amended Complaint.

16. Defendants admit the allegation in paragraph 39 to the extent the two apartment complexes include dwellings.

17. Defendants deny the allegations in paragraph 40.

18. Defendants admit the allegations in paragraphs 41.

19. Defendants deny the allegations in paragraphs 42 and 43.

## DEFENSES

20. This Court does not have subject matter jurisdiction over the claims in the Amended Complaint because the plaintiff does not have standing to sue as either an aggrieved person under the Fair Housing Act or as a person who has suffered an injury sufficient to meet the requirements of Article III of the United States Constitution.

21. The Amended Complaint fails to state a claim upon which relief may be granted.

22. The Plaintiff's claims against Prairie Gate Community LLC are barred by the applicable statute of limitations.

23. The Plaintiff's claims against Aerofirma Corporation are barred by the applicable statute of limitations to the extent they arise out of the condition of the apartment complex owned by Prairie Gate Community LLC.

## PRAYER

Defendants, Prairie Gate Community, LLC, PG Phase II, L.P., and Aerofirma Corporation, request that this Court deny Plaintiff's claims and grant them their costs of court and attorneys' fees along with such other and further relief as to which they may show themselves justly entitled.

Signed on October 30, 2023.

_____
Richard M. Hunt
Texas State Bar No. 10288700
rhunt@hunthuey.com

HUNT HUEY PLLC
3010 Mountain Ash Court
Garland, Texas 75044
Telephone: (214) 641-9182
Facsimile: (214) 279-6124

ATTORNEYS FOR PRAIRIE GATE
COMMUNITY LLC,
PG PHASE II, L.P. and
AEROFIRMA CORPORATION

## CERTIFICATE OF SERVICE

I certify that the foregoing document was served on counsel of record listed below through the Court's ECF system as required by Rule 5 of the Federal Rules of Civil Procedure on October 30, 2023.

| | |
|---|---|
| Eric G Calhoun | Roberto L. Rodriguez |
| Calhoun & Associates | HIGIER ALLEN & LAUTIN, P.C. |
| 1595 N Central Expressway | 2711 N. Haskell Ave., Suite 2400 |
| Richardson, TX 75080 | Dallas, Texas 75204 |
| Email: eric@ecalhounlaw.com | Email rrodriguez@higierallen.com |

_____
Richard M. Hunt